IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

LEE CHANG,

                           Petitioner,                    OPINION AND ORDER

    v.
                                                          19-cv-1045-wmc

KEVIN SEMANKO, Warden,
Prairie du Chien Correctional Facility,

                           Respondent.

Lee Chang, an inmate at the Prairie du Chien Correctional Center, has filed an application for a writ of habeas corpus under 28 U.S.C. § 2254.[1]  (Petition (dkt. #1).)  The petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases.  Because it is plain from the petition and its attachments that Chang is not entitled to federal habeas relief on any of his claims, the petition will be summarily dismissed.

BACKGROUND[2]

Chang's petition challenges his June 2014 conviction in the Circuit Court for Dane County for false imprisonment, felony intimidation of a victim, battery, and disorderly conduct.  The charges arose from a domestic violence incident involving his then-girlfriend,

---

[1]Chang initially filed his petition in the District Court for the Eastern District of Wisconsin on February 5, 2019.  On December 20, 2019, that court issued an order transferring the petition after finding that Chang's place of confinement and court of conviction were both located in this federal district.  (Order (dkt. #5).)

[2] The facts underlying Chang's conviction and subsequent appeal are drawn from the Wisconsin Court of Appeals' decision on direct appeal in *State v. Chang*, 2018 WI App 8, 379 Wis. 2d 767, 909 N.W.2d 210 (per curiam) (unpublished disposition).

Z.Y.  After the police responded to a 911 call, Z.Y. told the officers that Chang had pushed her, dragged her by her hair, forced her upstairs, pinned her to a bed, refused to let her leave, strangled her, and threatened to kill her.  Shortly after the incident, However, Z.Y. recanted her story, claiming she had made it up.

At Chang's trial, Z.Y. did not deny that she told police responding to the 911 call that Chang had been violent and threatening, but said she fabricated the story out of jealousy after Chang spoke to another woman at a party.  Z.Y. further testified that she wrote a letter before trial stating that she had (1) lied to police in her original incriminating statements, and (2) tried to tell prosecutors that her initial story was false.  In each case, however, she testified that no one wanted to listen to her.  In addition, a detective called by the defense testified that when Z.Y. appeared at the preliminary hearing shortly after Chang was charged, she acknowledged initially lying to the police.

In response, the State introduced jail phone calls in which Chang was recorded telling Z.Y. that his attorney said if there were no witnesses at trial, the prosecution would not have a case and would have to drop the charges.  Nevertheless, the jury convicted Chang on all but one charge.

Chang then filed a post-conviction motion arguing, among other things, ineffective assistance of trial counsel, discovery violations, and prosecutorial misconduct.  After two evidentiary hearings, the circuit court rejected Chang's claims, finding the post-conviction testimony of both Chang's trial counsel and the prosecutor to be credible.

Chang next appealed his convictions to the Wisconsin Court of Appeals on the following grounds:  (1) his trial counsel was ineffective in failing to elicit trial testimony

regarding certain pretrial statements of Z.Y. that were consistent with her exculpatory trial testimony, adequately investigate evidence and witnesses who could have testified to her prior consistent statements, and object to testimony about Z.Y.'s stay at a domestic violence shelter; (2) the prosecution committed discovery violations, including failing to produce before trial both recordings and accompanying partial transcripts of Chang's jail calls; and (3) he was entitled to a new trial under the doctrine of plain error in light of improper closing remarks by the prosecutor.  The Wisconsin Court of Appeals rejected each of these arguments and affirmed his conviction in an unpublished decision issued December 14, 2017.  *State v. Chang*, 2018 WI App 8, 379 Wis. 2d 767, 909 N.W.2d 210 (per curiam) (unpublished disposition).

Relevant to Chang's collateral attack in this case, the Wisconsin Court of Appeals specifically agreed with the trial court that Chang's trial counsel was not ineffective for failing to attempt to introduce certain, other prior statements by Z.Y. that were consistent with her recantation, agreeing that such statements were not admissible under Wis. Stat. § 908.01(4)(a)2.  *Id*. at ¶ 16.  The appellate court further accepted the trial court's finding that the State did *not* fail to produce recordings and partial transcripts of Chang's jail calls to the defense in advance of trial, noting that the trial court's finding to this effect was supported by the post-trial testimony of the prosecutor and Chang's trial attorney.  *Id*. at ¶ 27.

The Wisconsin Supreme Court denied Chang's petition for review on May 8, 2018, and the United States Supreme Court denied certiorari on October 7, 2019.  *Chang v. Wisconsin*, 140 S. Ct. 246 (Oct. 7, 2019) (denying cert.).  Chang also had filed his federal

habeas petition on February 2, 2019, asking the court to stay it until the Supreme Court decided his certiorari petition.  (Pet. (dkt. #1) 6.)  Thus, because Chang filed his petition *before* his state court conviction became final, the petition is timely.  *See* 28 U.S.C. § 2244(d).

OPINION

A federal court is authorized to grant habeas corpus relief to a state prisoner only upon a showing that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  The court's ability to grant such relief is further limited by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which "significantly constrain any federal court review of a state court conviction." *Searcy v. Jaimet*, 332 F.3d 1081, 1087 (7th Cir. 2003).  Under AEDPA, habeas corpus relief for persons serving sentences imposed by state courts may not be granted on any claim that was adjudicated on the merits in state court proceedings, unless the adjudication of the claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

Moreover, habeas corpus petitions must meet heightened pleading requirements under 28 U.S.C. § 2254, Rule 2(c), with federal courts authorized to dismiss summarily any habeas petition that appears legally insufficient on its face.  Rule 4 of the Rules

Governing Section 2254 Cases in the United States District Courts; *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993) (Rule 4 authorizes summary dismissal if petition and any attached exhibits "either fail to state a claim or are factually frivolous."). Unfortunately for petitioner, all of his challenges to his convictions and sentence fall well short of this pleading requirement.

Specifically, Chang also asserts two, main grounds for habeas relief, which are a subset of the claims he raised on direct appeal. Chang again asserts that the State violated its discovery obligations with respect to the jail call recordings and transcripts. He also asserts ineffective assistance of trial counsel based on two, specific alleged failings by counsel: (1) failure to introduce evidence of Z.Y.'s pretrial statements that were consistent with her exculpatory trial testimony; and (2) failure to seek exclusion of the jail calls or, in the alternative, a continuance of the trial so that he could more thoroughly examine and review the translations of the jail calls from Hmong to English.

## I.  Jail Call Recordings and Transcripts

First, as he did in the state courts, Chang claims that the State did not meet its discovery obligations with respect to recordings of Chang's phone calls from jail in violation of his due process rights and *Brady v. Maryland*, 373 U.S. 83 (1963). As an initial observation, Chang actually advances inconsistent arguments with respect to the jail call evidence. On the one hand, he asserts that "the defendant's attorney was not given the complete set of recordings on numerous discs the prosecutor had in their possession and not all the discs were translated" (Pet. (dkt. #1) at 2); on the other hand, as discussed below, he asserts that his trial counsel was ineffective for not seeking a continuance or

objecting to the jail call evidence on grounds that it was not *timely* disclosed.  (*Id*. at 4.)  It is not necessary to resolve this inconsistency, however, because neither claim has merit.

Insofar as Chang contends that the State failed to disclose some of the jail call evidence, or failed to timely disclose that evidence, the Wisconsin Court of Appeals expressly rejected that claim.  In reaching that conclusion, the state court of appeals observed that there was not even an allegation by Chang's trial attorney of late disclosure, and accepted the trial court's finding that the state did *not* fail to produce recordings and partial transcripts of Chang's jail calls to the defense in advance of trial.  As the Wisconsin Court of Appeals specifically noted, the trial court's finding on this subject was based on its credibility determinations of post-trial testimony of the prosecutor and Chang's trial attorney (both of whom apparently testified that the State produced the evidence).  *Chang*, 2018 WI App 8, ¶ 27 ("[T]he court's finding is supported by the testimony of both the prosecutor and trial counsel at the post-conviction hearing, which the court credited. Chang does not argue that the court's findings based on its credibility determinations constitute an erroneous exercise of discretion.").  Such a credibility finding by a state court is virtually unassailable on collateral review in federal court.  *See Rice v. Collins*, 546 U.S. 333, 341-42 (2006) ("Reasonable minds reviewing the record might disagree about the prosecutor's credibility, but on habeas review that does not suffice to supersede the trial court's credibility determination."); *Morgan v. Hardy*, 662 F.3d 790, 799 (7th Cir. 2011) (showing deference to state trial court's credibility determinations under § 2254(d)(2)).

Here, in particular, the state appellate court was required to defer to credibility findings by the state trial court, and federal courts must defer to the findings of state courts.

Given this double layer of deference, petitioner cannot prevail on his claim that the State failed to disclose exculpatory evidence.

## II. Ineffective Assistance

Second, Chang claims that his lawyer erred by: (1) failing to call witnesses to testify about Z.Y.'s prior statements to the extent consistent with her trial testimony; and (2) failing to investigate more thoroughly or to seek to exclude the evidence relating to Chang's phone calls from the jail.  To prevail on this claim, as the Wisconsin Court of Appeals correctly noted, Chang had to prove that:  (1) his trial counsel's performance was deficient; and (2) Chang was prejudiced as a result.  *Strickland v. Washington*, 466 U.S. 668, 698 (1984).  Beginning with Z.Y.'s prior statements, the Wisconsin Court of Appeals ruled that Chang could show neither because those statements were not admissible under state law, and therefore, "it would have done the defense no good to attempt to elicit these prior consistent statements."  *Chang*, 2018 WI App 8, ¶ 14.[3]

Although Chang argues that the Wisconsin courts erred in finding that Z.Y.'s prior consistent statements were inadmissible, a federal court "cannot disagree with a state court's resolution of an issue of state law."  *Miller v. Zatecky*, 820 F.3d 275, 277 (7th Cir. 2016).  Rather, the United States Supreme Court has "repeatedly held" that a state court's interpretation of state law "binds a federal court sitting in habeas corpus."  *Bradshaw v.*

---

[3] Separately, the Wisconsin Court of Appeals "question[ed] how it could have been prejudicial to Chang that his attorney did not elicit yet more evidence that Z.Y. had made prior exculpatory statements, beyond the multiple pieces of testimony on this topic that the jury heard."  *Id*. n.3.  However, the court "pass[ed] over the topic because the State does not develop an argument to this effect."  *Id*.

*Richey*, 546 U.S. 74, 76 (2005) (citing *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991)) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). This is true even when, as here, the question of state law is "central" to a federal claim of ineffective assistance of counsel. *See Lopez v. Thurmer*, 594 F.3d 584, 587 (7th Cir. 2010) ("[W]e will not fault counsel as ineffective for failing to advance a position under state law that the state appellate court said was meritless."); *Huusko v. Jenkins,* 556 F.3d 633, 635-37 (7th Cir. 2009) (habeas relief inappropriate because state court rejected claim alleging trial counsel was ineffective for failing to call witness due to conflict of interest on grounds that no conflict existed under Wisconsin law); *Earls v. McCaughtry*, 379 F.3d 489, 495 (7th Cir. 2004) (improper for habeas court to second-guess state court determination that trial counsel was not ineffective for failing to object to testimony because it was admissible under Wisconsin law).

Even if this court *could* review the Wisconsin courts' interpretation of its own evidentiary rules, it would reach the same result. Reviewing the federal counterpart to the evidentiary rule applied by Wisconsin courts in Chang's case, the United States Supreme Court agreed that "[t]he Rule permits the introduction of a declarant's consistent out-of-court statements to rebut a charge of recent fabrication or improper influence or motive only when those statements were made before the charged recent fabrication or improper influence or motive." *Tome v. United States*, 513 U.S. 150, 167 (1995). Here, the state courts reasonably concluded that this rule did not apply because Z.Y.'s apparent motives to lie about Chang's conduct --- her love for and fear of Chang --- were not "recent" but had existed from the time of the 911 call. *Chang*, 2018 WI App 8, ¶ 16. And because her

prior statements were properly deemed inadmissible, Chang's counsel could not have been ineffective for failing to attempt to introduce those statements.

Turning to the jail call evidence, insofar as Chang now concedes that this evidence *was* disclosed, but still claims that his trial counsel did not take steps to investigate it more aggressively, Chang fails to show what such an investigation would have revealed, much less that it was reasonably likely to have changed the outcome at his trial.  So far as it appears, Chang seems to assert that his attorney would have had time to interview people with whom Chang spoke during the calls, "such as Chang's father," had he sought more time to investigate the recordings.  (Pet. (dkt. #1) 4.)  Although Chang does not specify *what* his father would have told counsel, the court presumes that Chang's father would have told him about Z.Y.'s pretrial exculpatory statements since this is representations Chang made in the state court postconviction proceedings.

As explained previously, however, this claim fails because Z.Y.'s pretrial exculpatory statements were not admissible, at least under Wisconsin evidentiary rules.   More importantly, Chang does not explain *why* counsel needed more time to investigate the jail recordings to learn information that Chang himself could have relayed to counsel based on his conversation with his father (or anyone else who might have had information helpful to the defense).

ORDER

IT IS ORDERED that:

1) The petition is summarily DISMISSED pursuant to Rule 4 of the Rules Governing Section 2254 Cases; and

9

2)  No certificate of appealability shall issue because petitioner has not made a
    substantial showing of a constitutional right as required by 28 U.S.C.
    § 2253(c)(3) and *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Entered this 6th day of May, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

10